UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL EASTERLE, #830526,

        Petitioner,               Case No. 15-cv-11015

v.                                    Honorable Thomas L. Ludington

THOMAS WINN,

        Respondent.

_____/

**OPINION AND ORDER DENYING AND DISMISSING WITH PREJUDICE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Paul Esterle filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 18, 2015. Petitioner is serving a controlling sentence of 25-to-40 years' imprisonment, as well as lesser terms, for his Crawford Circuit Court convictions of second-degree murder, Mich. Comp. Laws § 750.317; assault with a dangerous weapon, Mich. Comp. Laws § 750.82; and domestic assault, Mich. Comp. Laws § 750.81(2). The petition raises three claims: (1) Petitioner was denied the effective assistance of counsel as a result of his attorney's failure to object to the admission of hearsay evidence, (2) insufficient evidence was offered at the preliminary examination to bind Petitioner over for trial, and (3) Petitioner's counsel was ineffective for failing to move for a bill of particulars and for failing to object to opinion evidence. The petition will be denied because Petitioner's claims are without merit. A certificate of appealability and leave to proceed in forma pauperis on appeal will also be denied.

**I.**

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> On July 3, 2011, defendant shot and killed Mark Easterle, his brother, with a .45 caliber handgun. Defendant had a cabin two doors down from his brother's cabin. On the day of the shooting, Judy Easterle, defendant's wife, sought help from Mark Easterle. Judy apparently told Mark that defendant was scaring her and that she was afraid defendant was going to hurt her. Mark and defendant engaged in a verbal altercation that devolved into a fistfight. Both brothers were cursing and yelling at each other and sometime during their fight, defendant apparently injured Judy, who then called for help. Jon Gravelle and Jeff Richards, Mark's son-in-laws, came down to defendant's cabin to help, and Julie Gravelle, Mark's stepdaughter, followed. All three of them were eyewitnesses to the shooting. Jon testified that he entered defendant's house, saw signs that the brothers had been fighting, and convinced Mark to leave with him. Richards testified that he was helping Judy away from defendant's house when he saw defendant follow Mark and Jon out of the house with a gun. Julie also testified that she saw defendant follow them out with a gun. All three witnesses testified that defendant pointed the gun at Mark and that Mark made some type of gesture that they understood to be non-threatening. None of them saw Mark actually touch defendant's gun. Instead, the testimony indicated that defendant either moved his arm or took a step back and pulled the trigger. Mark fell down, bleeding. From the beginning defendant asserted that Mark had made some sort of contact with the gun before it went off and that he had believed the gun did not have a round in the chamber until Mark touched the gun. Mark died from the gunshot wound.
>
> Defendant was arrested at the scene and agreed to give a statement. Defendant also consented to a video-recorded interview at the police station and filled out a written statement. Additionally, the police conducted on-scene audio-recorded interviews with the eyewitnesses and they gave written statements.

*People v. Easterle*, No. 310328, 2014 WL 587092, at *1 (Mich. Ct. App. Feb. 13, 2014).

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals. His brief on appeal filed by his appellate counsel raised the following claims:

> I. Were Mr. Easterle's rights violated when hearsay evidence that improperly bolstered the testimony of the prosecution's key witnesses was admitted at trial?
>
> II. Was Mr. Easterle's Sixth Amendment right to the effective assistance of counsel violated when trial counsel failed to object to the admission of multiple prejudicial hearsay statements at trial?

Petitioner also filed a supplemental pro se brief, raising the following additional claims:

I. Did the magistrate abuse his discretion by allowing the case to proceed to trial on the charge of open murder?

II. Was defense counsel constitutionally ineffective by failing to investigate law and fact, request bill of particulars to be furnished and-or move to suppress inadmissible evidence?

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *Id.* Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same claims as in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the court. *People v. Easterle*, 854 N.W.2d 876 (Mich. 2014) (unpublished table decision).

**II.**

Title 28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the

Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 103 (internal quotation marks omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.

### III.

### A.

Petitioner's first and third claims assert that he was denied the effective assistance of counsel at trial. These claims were rejected on the merits by the Michigan Court of Appeals during Petitioner's direct appeal. Respondent asserts that habeas relief is barred under § 2254(d) because the state court reasonably decided the claims against Petitioner.

To state a claim of ineffective assistance of counsel, Petitioner must make two showings. First, he "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The Court "must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. Second,

Petitioner must demonstrate prejudice, meaning "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,'" meaning that when applied together, our "review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 689; *nowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

Petitioner first asserts that his counsel was ineffective for failing to object to hearsay evidence. Specifically, he argues that the audio and written police statements of three eyewitnesses, Jon and Julie Gravel and Jeff Richards, were presented to the jury but should have been excluded on hearsay grounds. Petitioner asserts that these statements were prejudicial to his defense because the statements bolstered these witnesses' trial testimony that the victim did not reach for Petitioner's gun and was shot while he was still standing some distance away from Petitioner.

The Michigan Court of Appeals noted that any objection to Jon Gravelle and Jeff Richards' statements would have been futile because the statements were properly admitted as excited utterances under Michigan Rule of Evidence 803(2). The court noted that these statements were given soon after the shooting and, according to the officer taking the statements, they were made while the witnesses were still in a state of shock and shaking. Given the state court's rulings that the underlying evidentiary claim lacked merit, Petitioner cannot establish that counsel erred or that he was prejudiced by counsel's conduct. Defense counsel cannot be deemed ineffective for failing to make a futile or meritless motion or objection. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000).

Nor can this Court second-guess the state court's determination that the evidence was admissible under state law. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

With respect to Julie Gravelle's statement, the Michigan Court of Appeals noted that there was insufficient record evidence to determine whether her statements to police would qualify for admission as excited utterances. The court went on, however, to find that Petitioner could not demonstrate *Strickland* prejudice due to the weight of the other evidence produced at trial. This conclusion did not amount to an unreasonable application of the "clearly established" Supreme Court standard. The jury heard the testimony of Jon Gravelle and Jeff Richards as well as their prior statements regarding the circumstances of the shooting. They also heard the testimony of Julie Gravelle. This testimony contradicted Petitioner's defense that the shooting was accidental. Additionally, the forensic evidence indicating that the victim's hand did not have any burn marks belied Petitioner's claim that the victim grabbed the gun and caused it to accidentally discharge. It was therefore not unreasonable for the state appellate court to conclude that the potentially erroneous admission of Julie Gravelle's prior statements—which in any event mirrored all the other eyewitness accounts in all material respects—did not create a reasonable probability of a different result at trial. Petitioner has therefore not demonstrated entitlement to relief under § 2254(d).

Petitioner also filed a pro se brief during his direct appeal raising additional claims of ineffective assistance of trial counsel. Petitioner claims that his attorney failed to object to unspecified improper opinion testimony, and that he failed to request a bill of particulars. The Michigan Court of Appeals summarily rejected these claims because Petitioner did not develop any of these assertions in its brief. The court noted that Petitioner did not identify the allegedly

objectionable opinion testimony, and he did not allege how a bill of particulars would have benefitted the defense.

This conclusion was reasonable. Review of Petitioner's pro se supplemental brief filed in the Michigan Court of Appeals supports the state court's conclusion. The brief contains a few paragraphs of legal boilerplate and is completely devoid of factual development. Such vague and unsupported allegations fall short of establishing ineffective assistance of counsel. *See Tinsley v. Million*, 399 F.3d 796, 810 (6th Cir. 2005) (affirming denial of an ineffective assistance claim based on counsel's failure to call witnesses where a petition did not "introduce[] affidavits or any other evidence establishing what they would have said."). Accordingly, Petitioner's first habeas claim is without merit.

**B.**

Petitioner's second claim for relief asserts that insufficient evidence was presented at the preliminary examination to justify his bind-over for trial in the state circuit court. This claim does not raise a federal constitutional issue, and it is therefore not cognizable in this action.

There is no general constitutional right to a preliminary examination before trial. *See Gerstein v. Pugh*, 420 U.S. 103, 125 n. 26 (1975); *Harris v. Neil*, 437 F.2d 63, 64 (6th Cir. 1971). A state court's failure to even hold a preliminary examination does not present a cognizable habeas claim. *See Scott v. Bock*, 241 F. Supp.2d 780, 793 (E.D. Mich. 2003). A claim that the evidence offered at a preliminary examination was insufficient for a finding of probable cause is not cognizable on habeas review. *See David v. Lavinge*, 190 F. Supp. 2d 974, 978 (E.D. Mich. 2002). Further, it is an "established rule that illegal arrest or detention does not void a subsequent conviction." *Gerstein*, 420 U.S. at 119 (citing *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886)). Therefore, "although a suspect who is presently

detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein*, 420 U.S. at 119. Because Petitioner is now incarcerated pursuant to a valid conviction, he cannot challenge the preliminary procedures employed prior to his trial. Accordingly, Petitioner is not entitled to habeas relief on this claim.

## IV.

The petition for a writ of habeas corpus will be denied. Petitioner will also be denied a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). Because Easterle has not made a substantial showing of the denial of a constitutional right he is not entitled to the issuance of a certificate of appealability on this claim. *See Heidelberg v. Illinois Prisoner Review Bd.*, 163 F.3d 1025, 1025-1027 (7th Cir. 1998). The Court will also deny

Petitioner leave to proceed *in forma pauperis* on appeal because the appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

**V.**

Accordingly, it is **ORDERED**, that the petition for a writ of habeas corpus is **DENIED and DISMISSED with prejudice**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: March 15, 2016                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 15, 2016.

                              s/Michael A. Sian
                              MICHAEL A. SIAN, Case Manager

---